## ATLANTIC LEASING CO., Inc., v. GENERAL OUTDOOR ADVERTISING CO., Inc.

District Court, S. D. New York.
April 5, 1943.

Arthur M. Loeb, of New York City, for plaintiff.

William E. Beehan, of New York City, for defendant.

HULBERT, District Judge.

The attached proposed order, presented ex parte, approving a stipulation attached thereto, dated April 1, 1943, consisting of 13 legal sheets, is returned without my signature.

The stipulation recites the commencement in this court of three actions, viz.: On December 29, 1939, January 6, 1942, and December 23, 1942, respectively, two of which were consolidated by order dated March 30, 1942. No answer has been interposed to any of the three complaints filed. The stipulation provides for the manner in which the deposition of certain witnesses shall be taken notwithstanding, I would

say, the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Rule 26(a) provides:

"Depositions shall be taken only in accordance with these rules."

Of course, an examination can be had, by order of the court, before the joinder of issue, but the stipulation provides that it shall be taken with the same force and effect as if issue had been joined, and makes comparable provision with respect to the examination of an employee and the continuance of an examination already begun of another employee, with the same force and effect as if they were officers of the Company, with unusual conditions in the event that employment of such persons should terminate meanwhile.

The stipulation also refers to the proceedings heretofore taken and orders entered therein, which are not before me. I do not know what is contained therein referred to in the stipulation and embodied in the proposed order.

While Rule 1, defining the scope of the Rules, provides: "They shall be construed to secure the just, speedy, and inexpensive determination of every action" and were intended for the simplification of procedure in our courts, I cannot resist the conclusion that the provisions of the stipulation are more likely to complicate than simplify the progress of these actions.